IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD THOMPSON,           )
                            )
            Plaintiff,      )
                            )
    v.                      )
                            ) Civil Action No. 09-519
MICHAEL J. ASTRUE,          )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
            Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on May 2, 2007, alleging disability beginning on August 1, 2006, due to osteoarthritis and hypertension. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 31, 2008. On November 28, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 13, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a waiter, truck driver, laborer and medic, the ALJ found that he did not engage in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairment of arthritis, the ALJ found that impairment does not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is restricted to work that does not involve bending at the waist to ninety degrees. In addition, plaintiff is precluded from climbing, balancing, crawling and kneeling. Further, he requires work that does not involve the use of foot controls, fine dexterity or manipulation, or constant gross manipulation. Finally, plaintiff must avoid extreme heat or humidity (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to perform his past relevant work as a waiter.[1] Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

---

[1] The ALJ also made an alternative finding that plaintiff's vocational factors and residual functional capacity enable him to perform other work that exists in the national economy, such as a fast food worker, sales attendant and cashier.

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at step 4 of the sequential evaluation process. At step 4, the issue is

whether plaintiff's residual functional capacity permits him to perform his past relevant work. 20 C.F.R. §§404.1520(f), 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Plaintiff argues in this case that the ALJ erred at step 4 because: (1) he failed to give appropriate weight to the opinion of plaintiff's treating physician; and (2) he did not properly evaluate plaintiff's credibility. As explained below, both of these arguments lack merit.

First, plaintiff argues that the ALJ failed to give appropriate weight to the opinion of his treating physician, Dr. Paul Lange. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2). Under this standard, Dr. Lange's opinion was not entitled to controlling weight.

Dr. Lange indicated on a form report entitled "Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment" that plaintiff is unable to perform even sedentary work. (R. 238). In addition, Dr. Lange noted on the

- 5 -

form report that plaintiff has moderately severe limitations in his ability to perform activities within a schedule and in his ability to complete a normal workday and work week without interruptions. (R. 240). Dr. Lange also indicated plaintiff would miss 8 to 10 days of work per month because of his pain. (R. 241).

Dr. Lange's restrictive assessment of plaintiff's capabilities on the form report is undermined by his own treatment notes, which indicate that plaintiff did not have active joint inflammation and he had full range of motion in all joints that were affected by arthritis. (R. 209, 210). In addition, Dr. Lange stated in his treatment notes that plaintiff's arthritis was well controlled with medication. (R. 209, 210).

Dr. Lange's opinion also was contradicted by other evidence in the record. Dr. Hassan, a specialist who treated plaintiff for his arthritis, noted that X-rays showed plaintiff had significant degenerative arthritis, but he had fair range of motion in all of his joints and 5/5 muscle power in all of his muscle groups. (R. 215). Dr. Hassan concluded that there was no evidence to suggest plaintiff suffered from inflammatory arthritis. (R. 216). In addition, Dr. D'Auria, who performed a consultative examination of plaintiff, found that plaintiff had good range of motion in his cervical, thoracic and lumbar spine, as well as his hands, wrists, elbows and shoulders. (R. 190). Dr. D'Auria further found that plaintiff's ankles were arthritic, but his knees and hips were unremarkable. (R. 190-91). In sum, neither Dr. Hassan nor Dr.

D'Auria identified any limitations that would preclude plaintiff from working.

Based on the foregoing, this court concludes Dr. Lange's own treatment notes, as well as other medical evidence in the record, contradict his opinion that plaintiff is unable to perform even sedentary work. Therefore, the court finds that the ALJ properly determined Dr. Lange's opinion was entitled to little weight because it was inconsistent with other medical evidence and overstated the severity of plaintiff's impairment.[2] (R. 16).

Plaintiff next contends that the ALJ did not properly assess his credibility because he failed to consider his military service and his long and productive work record. Relying on Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979), plaintiff argues that a claimant with a long work history is entitled to substantial credibility regarding his description of his work capabilities. See Plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 9) at 12-13. After reviewing the record, the court

---

[2] Plaintiff contends that if the ALJ had accepted Dr. Lange's opinion, he would be disabled as a matter of law pursuant to the Medical-Vocational Guidelines ("grids"). The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids dictate. Sykes, 228 F.3d at 263; 20 C.F.R. §§404.1569, 416.969. While it is true that an individual of plaintiff's age, education and work experience with a residual functional capacity for sedentary work would be disabled as a matter of law under grid rule 201.12, the evidence in this case supports the ALJ's finding that plaintiff could perform light work with restrictions. Accordingly, grid rule 201.12 is inapplicable.

concludes that the ALJ properly evaluated plaintiff's credibility in accordance with the regulations.

A claimant's complaints of pain must be supported by objective medical and other evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of plaintiff's treatment, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1) and (3), 419.929(c)(1) and (3); Social Security Ruling 96-7p. The ALJ then determined that plaintiff's arthritis could be expected to produce some of the symptoms he alleged, but his subjective complaints regarding the limiting effect of his symptoms were not credible to the extent they were inconsistent with the RFC Finding. (R. 15). This court finds that the ALJ adequately explained the basis for his credibility determination, and is satisfied that such determination is supported by substantial evidence.

Plaintiff's specific contention that the ALJ did not properly assess his credibility because he failed to consider plaintiff's exemplary work record lacks merit. While it is true that the

testimony of a claimant with a long work history may be given substantial credibility concerning his claimed work limitations, see Dobrowolsky, 606 F.2d at 409, work history is only one of many factors an ALJ may consider in assessing a claimant's subjective complaints. 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. September 30, 2008).

Here, the ALJ clearly was aware of plaintiff's work history and referred to it when determining that he could perform his past relevant work. (R. 17). It likewise is clear that the ALJ considered the record as a whole in assessing plaintiff's credibility as discussed above. An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, and a remand of this case solely that the ALJ explicitly could so state would be pointless.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge


cc: Lindsay Fulton Brown, Esq.
1789 S. Braddock Avenue
Suite 570
Pittsburgh, PA 15218

Jessica Smolar
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219